IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____

| | | |
|---|---|---|
| INTEGRATED SERVICE SOLUTIONS, INC. | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | NO.: 2:07-cv-03591-AB |
| DENNIS M. RODMAN | : | |
| | : | <u>JURY TRIAL DEMANDED</u> |
| v. | : | |
| | : | |
| JOSEPH URICCHIO | : | |

_____

**PLAINTIFF'S MOTION TO MODIFY SCHEDULING ORDER**

     Plaintiff, Integrated Service Solutions, Inc. ("**ISS**"), moves this Court for an Order modifying the Scheduling Order in this case pursuant to Fed.R.Civ.P. 16(b)(4) to allow the completion of a forensic inspection of a laptop computer, for the reasons set forth below and in the accompanying Memorandum of Law:

1. Plaintiff's claims against the Defendant involves allegations that the Defendant, while employed by ISS, hacked into ISS' computer systems and accessed ISS' corporate e-mail system over 60,000 times and repeatedly accessed, misappropriated and disseminated without authorization e-mails containing highly confidential and proprietary information regarding ISS' business and its employees.

2. On March 12, 2008, Defendant Dennis Rodman responded to ISS' Request for Production, and disclosed that he used his wife's laptop computer (**"the Laptop"**) to access the Internet during or following his employment with ISS. A copy of the discovery response is attached as Exhibit "A." Mr. Rodman identified the laptop as the property of VWR, and refused to produce the Laptop to ISS for inspection as requested.

3. VWR is a third-party to this action who employed the Defendant's wife, Kim Rodman. VWR has been the subject of and involved in several discovery Motions in this action, culminating in this Court's May 1, 2008 Order concerning the handling of confidential materials. A copy of that Order is attached as Exhibit "B". VWR is familiar with the claims and issues in this case.

4. On June 19, 2008, this Court entered an Order modifying the Scheduling Order in this case and fixing an October 15, 2008 discovery deadline. A true and correct copy of the Scheduling Order is attached as Exhibit "C".

5. Following the aforementioned Orders and Defendant's discovery disclosure regarding the Laptop, ISS and VWR negotiated and reached an agreement on July 30, 2008 to conduct a neutral forensic inspection and analysis of the Laptop by PricewaterhouseCoopers (**"PWC"**). The inspection was to be under the control and direction of VWR and was to be undertaken at ISS' expense. ISS sought to determine the Defendant's activities on the Laptop as they related to the intrusions, subject to mutual approval with VWR of a forensic checklist. A copy of the e-mail of ISS' counsel agreeing to the inspection is attached as Exhibit "D".

6. Thereafter, between July 30, and September 5, 2008, ISS and VWR negotiated the forensic checklist and the cost for the inspection. ISS reminded VWR during this time of the discovery deadline in this action. Copies of the e-mails between ISS and VWR concerning such matters are attached collectively as Exhibit "E".

7. On September 5, 2008, ISS and VWR approved the forensic checklist for PWC's inspection of the Laptop. A copy of the e-mail of ISS' counsel authorizing the inspection is attached as Exhibit "F".

8. Thereafter, following repeated inquiries by ISS concerning the status of the inspection and analysis, VWR advised ISS on September 30, 2008 that PWC's inspection of the Laptop had never taken place, stating that "the person assigned to conduct the analysis is ill" and that

        VWR was trying to get further information. Copies of the e-mails exchanged between counsel for ISS and VWR concerning PWC's delay are attached as Exhibit "G".

9. That same day, ISS advised VWR of the urgency of completing the Laptop inspection, asked whether VWR could assure that the inspection could be completed before the October 15, 2008 discovery deadline, and warned of the necessity of this Motion if VWR could not complete that inspection. A copy of the e-mail from ISS counsel to VWR is attached as Exhibit "H".

10. On October 2, 2008, counsel for VWR replied that he could not assure completion of the Laptop inspection before the discovery deadline and concurred in the need for an extension, stating, "It might be helpful to get a brief extension of the deadline. I am trying to expedite this as fast as I can." A copy of VWR's response is attached as Exhibit "I".

11. On October 3, 2008, counsel for VWR advised ISS by telephone that the Laptop inspection had been completed, but that complete results would not be available to ISS until October 10, 2008.

12. As a result of the unforseen inspection delay caused by the undisclosed illness of PWC's technician, ISS will not be left with adequate time to conduct depositions of persons identified by the inspection.

13. ISS and VWR have exercised due diligence in this matter, and ISS has acted promptly after learning that VWR will not be able to complete the inspection of the Laptop until nearly the existing discovery deadline.

14. A brief extension of the discovery deadline, for the limited purpose of allowing VWR to compete its inspection of the Laptop and take expedited depositions of persons identified, will not prejudice any party. The results of the Laptop inspection will clarify the issues in this case and may allow the parties to settle this action before trial.

15. Based on the foregoing, good cause exists to permit modifying the Scheduling Order in this case.

WHEREFORE, the Plaintiff, Integrated Service Solutions, Inc., respectfully requests that this Motion be granted, and that the Scheduling Order in this action be modified in the form attached hereto to allow a thirty (30) day extension to complete VWR's analysis of the Laptop.

**KRAUT HARRIS, P.C.**

By:_____
David Kraut, Esquire
PA I.D. No. 17637
Stephen G. Maliszewski, Esquire
PA I.D. No. 57663
Madison Bank Building, Suite 311
1767 Sentry Parkway West
Blue Bell, PA 19422
Tel. No. (215) 542-4900
Fax No. (215) 542-0199
*Email: dkraut@krautharris.com*
*Email: sgmaliszewski@krautharris.com*
   Attorneys for Plaintiff,
   Integrated  Service Solutions, Inc.